**PINNOCK & WAKEFIELD**
A Professional Corporation
David C. Wakefield, Esq.      Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: 619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiffs

ORIGINAL FILED
07 JUL -5 PM 3: 56
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ROBERT McCARTHY,

              Plaintiff,

v.

HYATT CORPORATION d.b.a.
HYATT REGENCY SANTA CLARA;
SHC NEW SANTA CLARA, LLC; AND
DOES 1 THROUGH 10, Inclusive,
              Defendants.

Case No.: C07 03516 RMW

HRL

**COMPLAINT**

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**
[42 U.S.C. 12182(a) ET. SEQ; CA CIVIL CODE 51, 52, 54, 54.1, 54.3]

**DEMAND FOR JURY TRIAL**
[F.R.Civ.P. rule 38(b)]

### INTRODUCTION

1.  Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Northern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the

1

COMPLAINT
CASE #

executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## INTRADISTRICT ASSIGNMENT

2. Pursuant to Local Rule 3-2, this action should be assigned to the San Jose Division as the property that is the subject of this action is situated in Santa Clara County.

## JURISDICTION AND VENUE

3. The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Northern District of California.

## SUPPLEMENTAL JURISDICTION

4. The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff ROBERT McCARTHY was injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding.

COMPLAINT
CASE #

## NAMED DEFENDANTS AND NAMED PLAINTIFF

5.  Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant HYATT CORPORATION d.b.a. HYATT REGENCY SANTA CLARA is located at 5101 Great America Parkway, Santa Clara, California, 95054. Plaintiff is informed and believes and thereon alleges that Defendant HYATT CORPORATION is the owner, operator, and/or franchiser of the HYATT REGENCY SANTA CLARA. Defendant HYATT CORPORATION is located at 71 South Wacker Drive, Chicago, Illinois, 60606. Plaintiff is informed and believes and thereon alleges that Defendant SHC NEW SANTA CLARA, LLC, is an owner, operator, and/or lessor of the real property located at 5101 Great America Parkway, Santa Clara, California, 95054, Assessor Parcel Number 104-55-005. Defendant SHC NEW SANTA CLARA, LLC, is located at 77 West Wacker Drive, Chicago, Illinois, 60601.

6.  The words Plaintiffs and Plaintiff as used herein specifically include ROBERT McCARTHY.

7.  Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of HYATT CORPORATION d.b.a. HYATT REGENCY SANTA CLARA and/or SHC NEW SANTA CLARA, LLC. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8.  Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

9. Plaintiff ROBERT McCARTHY (hereinafter "MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for mobility. Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to: walking.

10. In year 2007, Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as HYATT CORPORATION d.b.a. HYATT REGENCY SANTA CLARA, (hereinafter "HYATT REGENCY SANTA CLARA") located at 5101 Great America Parkway, Santa Clara, California, 95054, Assessor Parcel Number 104-55-005, to utilize their goods and/or services with his friend. When Plaintiff MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, registration counter, guestroom, guestroom bathroom, guestroom storage, guestroom operable controls, guestroom desk, hotel Fitness Room Men's Restroom, hotel Fitness Room house telephone, Hotel Sauna, and pool facilities including but not limited to the facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as the HYATT REGENCY SANTA CLARA.

11. Plaintiff MCCARTHY personally experienced difficulty with said access barriers at the HYATT REGENCY SANTA CLARA. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities. For example, there fails to be any designated disabled parking located near the lobby area. Plaintiff MCCARTHY found the closest designated disabled parking space to be in a lot specifically designated for disabled parking. In this designated disabled parking lot, all of the designated disabled parking spaces fail to be accessible. None of the designated disabled parking spaces have the required access aisles. Further, none of the designated disabled parking spaces have an

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

adequate width to be a "Van Accessible" disabled parking space. Also, none of the designated disabled parking spaces are designated as a "Van Accessible" disabled parking space. Therefore, the parking facilities at the HYATT REGENCY SANTA CLARA fail to have the required "Van Accessible" disabled parking. This designated disabled parking lot fails to have a designated safe and accessible perimeter pedestrian exterior path of travel. The only way for Plaintiff MCCARTHY to exit this special disabled parking lot is to traverse through the middle of the parking lot, through vehicular traffic and behind parked vehicles other than his own. Plaintiff MCCARTHY had to so traverse through vehicular traffic and behind other parked vehicles until he reached the vehicular driveway. Plaintiff MCCARTHY then needed to traverse through the vehicular driveway without the benefit of a designated safe and accessible exterior path of travel to the pedestrian sidewalk located around the motel. Plaintiff MCCARTHY found having to so traverse through vehicular traffic and behind other parked vehicle to be very unsafe and frightening.

12. The registration area within the HYATT REGENCY SANTA CLARA fails to be accessible, as this registration area consists of individual stations for each registration clerk. Each registration station consists of a counter that is forty inches (40") high, and is therefore, inaccessible. As a result of the registration counter height, Plaintiff MCCARTHY found it extremely difficult to execute his registration form and conduct the registration transaction.

13. Plaintiff MCCARTHY purchased and was given Guestroom 423, a guestroom he was informed is fully accessible, where he personally experienced multiple architectural barriers. The HYATT REGENCY SANTA CLARA has five hundred one (501) guestrooms. Plaintiff further is informed and believes and thereon alleges that all guestrooms and guest bathrooms within the guestrooms were remodeled in 1999. Therefore, the HYATT REGENCY SANTA CLARA, therefore, should have 2% of the total number of guestrooms that are designated and fully accessible guestrooms. In additional, the HYATT REGENCY SANTA CLARA should have four (4) fully accessible guestroom with a roll-in shower, plus one (1) fully accessible guestroom with a roll-in shower for each additional one hundred (100) guestrooms over four hundred (400) guestrooms.

14. The guestroom bathroom in Guestroom 423 is completely inaccessible. The bathtub within the bathroom fails to have the required bathtub seat and the two (2) existing grab bars mounted on the sidewall of the bathtub are only twenty-four inches (24") long. The bath soap with massaging beads is totally inaccessible, as it is placed on a soap dish that is forty-eight inches (48") high and is completely out of reach. The top of the mounting bracket for the hand held spray unit is too high to be accessible, as it is sixty-eight inches (68") high, while the bottom of the bracket is also mounted too high, at forty-three inches (43") high. As a result, Plaintiff MCCARTHY was completely precluded from reaching the hand held sprayer unit. The bathtub faucet control is located very far from the edge of the bathtub, requiring Plaintiff MCCARTHY to lean forward and to the side at an awkward and unsafe angle. As a result, Plaintiff MCCARTHY was precluded from operating the bathtub and faucet control. When water is re-directed from the bathtub faucet to the shower head, which is seventy-six inches (76") high, a hotel guest must then depress two (2) buttons in a particular sequence at the "V-junction" for the water to flow into the hand held shower spray unit. As the showerhead is mounted seventy-six inches (76") high, Plaintiff MCCARTHY was completely precluded from being able to activate the hand held spray unit. In the morning after awakening, Plaintiff MCCARTHY needed to take a bath or shower. He was alone in his guestroom, as his travel companion had left to have breakfast with friends. Totally unclothed, Plaintiff MCCARTHY made it to the edge of the bathtub only to find that he could not safely lower his body into the bathtub. Also, due to the location and excessive height of fixtures discussed above, Plaintiff MCCARTHY realized that he would also be unable to wash himself within the bathtub. As a result, Plaintiff MCCARTHY was forced to wash his face and body at the lavatory sink.

15. Also, within the guestroom bathroom of Guestroom 423, all of the bath towels are stored on an inaccessible rack, mounted sixty-five inches (65") high over the head of the bathtub. Plaintiff MCCARTHY was completely precluded from reaching the bath towels on this towel rack. The circular base for the retractable clothes line is mounted too high to be accessible, as it is sixty-two inches (62") high and mounted on the wall directly below the inaccessible towel rack. This made

COMPLAINT
CASE #

the retractable clothesline completely inaccessible to Plaintiff MCCARTHY. Within the guestroom bathroom of Guestroom 423, the commode is a mere seventeen inches (17") from the sidewall of the bathroom. Plaintiff MCCARTHY found it extremely difficult for him to transfer to and from the commode to his wheelchair. Additionally, the hot water pipe and drainage pipe under the lavatory sink fails to have the required insulation.

16. Within Guestroom 423, the lamp switches on the two (2) bedside lamps, the cosmetic mirror at the sink, the desk lamp and the reading lamp by the chair all fail to be accessible, as the lamp switches on all of the before mentioned lamps require tight grasping and/or twisting of the wrist to operate. Also, the bottom edge of the curtain rods within Guestroom 423 fail to be accessible, as the bottom edge of the rods is sixty inches (60") above the finished floor. Plaintiff MCCARTHY could not reach these curtain rods. Also, the desk within Guestroom 423 fails to be accessible, as the knee clearance is a mere twenty-five inches (25") high.

17. At the third floor Fitness Center facility within the HYATT REGENCY SANTA CLARA, the house telephone provided to hotel patrons fails to be accessible, as it is located too high to be accessible and Plaintiff MCCARTHY could not reach all of the numeric buttons to use the house telephone. In the Sauna area, there fails to be any of the required grab bars to assist a member of the disability community who uses a wheelchair for mobility to transfer from a wheelchair to a sauna bench. The sauna timer fails to be accessible, as it is located on the exterior wall next to the door and requires tight grasping and/or twisting of the wrist to operate. Within the Fitness Center men's restroom, the commode fails to be accessible, as the commode is too low to be accessible. The commode is a mere fourteen and one-half inches (14 ½") high. The commode is also located very far from the sidewall, as it is twenty inches (20") to the sidewall. Additionally, outside the pool and Jacuzzi fail to have the required assistive lifting device that assists disabled hotel guests to enter and exit the pool or Jacuzzi.

18. Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had

7

COMPLAINT
CASE #

actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

19.     Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to their knowledge of the barriers to access that exist at Defendants' facilities.

20.     Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

21.     Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and other persons with disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by

Adaptive Environments.

22.     Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities. Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

## NOTICE

23.     Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

## WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT

24.     HYATT CORPORATION d.b.a. HYATT REGENCY SANTA CLARA; SHC NEW SANTA CLARA, LLC; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

25.     Plaintiff aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

26.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access to Defendants' existing facilities.

27.     Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff MCCARTHY said physical

9

COMPLAINT
CASE #

impairments substantially limits one or more of the following major life activities: walking. In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

28.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

29.     Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

30.     Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

COMPLAINT
CASE #

31.     Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

32.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants.  Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities in violation of Americans With Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter "ADAAG") and Title 24 of the California Building Code.  Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

33.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. §

12188(a). Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

34. Based on the facts plead at ¶¶ 9 - 22 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

35. WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

**CLAIM I: Denial Of Full And Equal Access**

36. Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.

37. These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination

12

COMPLAINT
CASE #

pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

38. Based on the facts plead at ¶¶ 9 - 22 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

39. Based on the facts plead at ¶¶ 9 - 22 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

40. Based on the facts plead at ¶¶ 9 - 22 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

41. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

COMPLAINT
CASE #

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

42.     Defendants, each of them respectively, at times prior to and including the day Plaintiff patronized Defendants' facilities, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

43.     Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

44.     Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of

other public facilities from willful disregard of the rights of persons with disabilities. Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

45. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A. For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B. For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

C. In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D. For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities including without limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California Building Code

E. For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil Procedure §§ 1032 and 1033.5, and Cal. Civil Code § 52;

F. For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

///
///
///
///
///
///

COMPLAINT
CASE #

G.  A Jury Trial and;

H.  For such other further relief as the court deems proper.

Respectfully submitted:

Dated: June 29, 2007

PINNOCK & WAKEFIELD, A.P.C.

By: _____
DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff