1   Rosalyn P. Mitchell (State Bar No. 173829)
    rmitchell@nixonpeabody.com
2   David A. Kolek (State Bar No. 245330)
    dkolek@nixonpeabody.com
3   NIXON PEABODY LLP
    One Embarcadero Center, 18th Floor
4   San Francisco, CA  94111-3600
    Telephone:    (415) 984-8200
5   Facsimile:     (415) 984-8300

6   Attorneys for Defendant
    HYATT CORPORATION, dba Hyatt Regency Santa Clara,
7   as agent of Hyatt Equities, LLC, a Delaware limited liability company

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12  ROBERT McCARTHY,                    Case No.    C 07 03516 RMW

13              Plaintiff,
                                        **HYATT CORPORATION'S ANSWER TO
14        v.                            PLAINTIFF'S COMPLAINT**

15  HYATT CORPORATION d.b.a. HYATT      Complaint Filed:   July 5, 2007
    REGENCY SANTA CLARA; SHC NEW
16  SANTA CLARA, LLC, AND DOES 1
    THROUGH 10, Inclusive,
17
18              Defendants.

19

20

21                           **INTRODUCTION**

22        Defendant HYATT CORPORATION dba Hyatt Regency Santa Clara, as agent of Hyatt

23  Equities, LLC, a Delaware limited liability company, ("Hyatt" or "Defendant") hereby responds to

24  the Complaint of Plaintiff ROBERT McCARTHY, an individual, ("Plaintiff") (the "Complaint") as

25  follows:

26        By this Answer to Plaintiff's Complaint ("Answer"), Defendant hereby responds to all issues

27  raised in Plaintiff's Complaint relating to Hyatt in its capacity as owner, and/or operator of the Hyatt

28  Regency Santa Clara located at 5101 Great America Parkway, Santa Clara, CA 95054 ("Subject

DEFENDANT HYATT CORPORATION DBA HYATT                                          10650492.4
REGENCY SANTA CLARA'S ANSWER TO PLAINTIFF'S
COMPLAINT

1  Premises"). Defendant reserves the right to amend, add or strike affirmative defenses as discovery

2  ensues or due to any inadvertence.

3      1.      Answering Paragraph 1 of Plaintiff's Complaint, defendant Hyatt admits the existence

4  of Rule 8 of the Federal Rules of Civil Procedure, the provision of which speaks for itself.  To the

5  extent statements contained in the first paragraph of the Complaint are Plaintiff's interpretation of

6  statutes, or law, no response is required.  Except as specifically admitted, HYATT denies the

7  remaining allegations in the first paragraph of the Complaint.

8                          **INTRADISTRICT ASSIGNMENT**

9      2.      Answering Paragraph 2 of Plaintiff's Complaint, defendant Hyatt admits that the

10 subject premises is located in Santa Clara County.  Except as specifically admitted, HYATT denies

11 each and every allegation contained in paragraph 2.

12                          **JURISDICTION AND VENUE**

13     3.      Answering Paragraph 3 of Plaintiff's Complaint, defendant HYATT admits that this

14 Court has jurisdiction over this matter and Defendant does not contest venue.  Except as specifically

15 admitted, HYATT denies each and every allegation contained in paragraph 3.

16                          **SUPPLEMENTAL JURISDICTION**

17     4.      Answering Paragraph 4 of Plaintiff's Complaint, defendant HYATT admits that this

18 Court has jurisdiction over this matter.  Except as specifically admitted, HYATT denies the

19 remaining allegations in Paragraph 4 of the Complaint.

20                      **NAMED DEFENDANTS AND NAMED PLAINTIFF**

21     5.      Answering Paragraph 5 of Plaintiff's Complaint, defendant HYATT admits that it is

22 organized and exists under the laws of the State of California.  Defendant further admits that it is the

23 owner of the Premises.  Hyatt further admits that Hyatt Corporation is located at 71 South Wacker

24 Drive, Chicago, Illinois 60606.  Except as specifically admitted, HYATT denies each and every

25 allegation contained therein.

26     6.      Answering Paragraph 6 of Plaintiff's Complaint, defendant HYATT states that

27 paragraph 6 does not contain an allegation to which a response is required, and therefore requires no

28 response.

1    7.    Answering Paragraph 7 of Plaintiff's Complaint, defendant HYATT denies each and

2    every allegation contained therein.

3    8.    Answering Paragraph 8 of Plaintiff's Complaint, defendant HYATT admits that it is

4    the owner of the Subject Premises.  Except as specifically admitted, HYATT denies each and every

5    allegation contained in Paragraph 8.

6    ## CONCISE SET OF FACTS

7    9.    Answering Paragraph 9 of Plaintiff's Complaint, defendant HYATT is without

8    sufficient knowledge or information to form a belief as to the truth of the allegations in said

9    paragraph and on that basis denies each and every allegation contained therein.

10    10.    Answering Paragraph 10 of Plaintiff's Complaint, defendant HYATT is without

11    sufficient knowledge or information to form a belief as to the truth of the allegations in said

12    paragraph and on that basis denies each and every allegation contained therein.

13    11.    Answering Paragraph 11 of Plaintiff's Complaint, defendant HYATT denies each and

14    every allegation contained therein.

15    12.    Answering Paragraph 12 of Plaintiff's Complaint, defendant HYATT denies each and

16    every allegation contained therein.

17    13.    Answering Paragraph 13 of Plaintiff's Complaint, defendant HYATT denies each and

18    every allegation contained therein.

19    14.    Answering Paragraph 14 of Plaintiff's Complaint, defendant HYATT denies each and

20    every allegation contained therein.

21    15.    Answering Paragraph 15 of Plaintiff's Complaint, defendant HYATT denies each and

22    every allegation contained therein.

23    16.    Answering Paragraph 16 of Plaintiff's Complaint, defendant HYATT denies each and

24    every allegation contained therein.

25    17.    Answering Paragraph 17 of Plaintiff's Complaint, defendant HYATT denies each and

26    every allegation contained therein.

27    / / /

28    / / /

1      18.    Answering Paragraph 18 of Plaintiff's Complaint, defendant HYATT is without

2  sufficient knowledge or information to form a belief as to the truth of the allegations in said

3  paragraph and on that basis denies each and every allegation contained therein.

4      19.    Answering Paragraph 19 of Plaintiff's Complaint, defendant HYATT is without

5  sufficient knowledge or information to form a belief as to the truth of the allegations in said

6  paragraph and on that basis denies each and every allegation contained therein.

7      20.    Answering Paragraph 20 of Plaintiff's Complaint, defendant HYATT denies each and

8  every allegation contained therein.

9      21.    Answering Paragraph 21 of Plaintiff's Complaint, defendant HYATT states that the

10  allegations in paragraph 21 are statements which require no response.  Except as stated, defendant

11  HYATT denies the allegations in paragraph 21.

12      22.    Answering Paragraph 22 of Plaintiff's Complaint, defendant HYATT denies each and

13  every allegation contained therein.

14  **NOTICE**

15      23.    Answering Paragraph 23 of Plaintiff's Complaint, defendant HYATT states that

16  Paragraph 23 is Plaintiffs' interpretation of the law and requires no response.

17  **WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT**

18      24.    Answering Paragraph 24 of Plaintiff's Complaint, defendant HYATT states that

19  Paragraph 24 contains statements relating to how plaintiff intends to refer to parties, and requires no

20  response.

21      25.    Answering Paragraph 25 of Plaintiff's Complaint, defendant HYATT states that

22  Paragraph 25 does not contain any allegations, and therefore, no response is required.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS
FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Claims Under The
### Americans With Disabilities Act Of 1990

CLAIM I AGAINST ALL DEFENDANTS:
### Denial Of Full And Equal Access

26.    Answering Paragraph 26 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 26.

27.    Answering Paragraph 27 of Plaintiff's Complaint, defendant HYATT is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis denies each and every allegation contained therein.

CLAIM II AGAINST ALL DEFENDANTS:

### Failure To Make Alterations In Such A Manner That The Altered
### Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities

28.    Answering Paragraph 28 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 28.

29.    Answering Paragraph 29 of Plaintiff's Complaint, HYATT is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis denies each and every allegation contained therein.

30.    Answering Paragraph 30 of Plaintiff's Complaint, defendant HYATT denies that it discriminated against Plaintiff.  Except as specifically admitted, HYATT is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis denies each and every allegation contained therein.

31.    Answering Paragraph 31 of Plaintiff's Complaint, defendant HYATT denies each and every allegation contained therein.

/ / /

/ / /

CLAIM III AGAINST ALL DEFENDANTS:
**Failure To Remove Architectural Barriers**

32.     Answering Paragraph 32 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 32.

CLAIM IV AGAINST ALL DEFENDANTS:
**Failure To Modify Practices, Policies and Procedures**

33.     Answering Paragraph 33 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 33.

34.     Answering Paragraph 34 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 34.

35.     Answering Paragraph 35 of Plaintiff's Complaint, defendant HYATT states that Paragraph 35 is a statement for relief which Plaintiff intends to seek and therefore requires no response.

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**
*SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS*

**Claims Under The
California Accessibility Laws**

CLAIM I AGAINST ALL DEFENDANTS:
**Denial Of Full And Equal Access**

36.     Answering Paragraph 36 of Plaintiff's Complaint, defendant HYATT denies each and every allegation contained therein.

37.     Answering Paragraph 37 of Plaintiff's Complaint, defendant HYATT denies each and every allegation contained therein.

/ / /

/ / /

/ / /

CLAIM II
**Failure To Modify Practices, Policies And Procedures**

38.    Answering Paragraph 38 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 38.

CLAIM III
**Violation of the Unruh Act**

39.    Answering Paragraph 39 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 39.

40.    Answering Paragraph 40 of Plaintiff's Complaint, defendant HYATT incorporates its responses to paragraphs 9-22 above, as though fully set forth herein and denies each and every remaining allegation contained in paragraph 40.

41.    Answering Paragraph 41 of Plaintiff's Complaint, defendant HYATT states that Paragraph 41 is a statement for relief which Plaintiff intends to seek and therefore requires no response.

**Treble Damages Pursuant to Claims I, II, III Under the California Accessibility Laws**

42.    Answering Paragraph 42 of Plaintiff's Complaint, defendant HYATT denies each and every allegation contained therein.

43.    Answering Paragraph 43 of Plaintiff's Complaint, defendant HYATT denies each and every allegation contained therein.

44.    Answering Paragraph 44 of Plaintiff's Complaint, defendant HYATT states that Paragraph 44 is a statement for relief which Plaintiff intends to seek and therefore requires no response.

45.    Answering Paragraph 45 of Plaintiff's Complaint, defendant HYATT states that Paragraph 45 is a statement for relief which Plaintiff intends to seek and therefore requires no response.

/ / /

**DEMAND FOR JUDGMENT FOR RELIEF**

A.    Plaintiff's Demand is a recitation of California state statutes, the provisions of which speak for themselves, and otherwise contains statements for relief which Plaintiffs intends to seek. No response is required.

B.    Plaintiff's Demand is a recitation of California state statutes, the provisions of which speak for themselves, and otherwise contains statements for relief which Plaintiffs intends to seek. No response is required.

C.    Plaintiff's Demand is a recitation of California state statutes, the provisions of which speak for themselves, and otherwise contains statements for relief which Plaintiffs intends to seek. No response is required.

D.    Plaintiff's Demand is a recitation of California state statutes, the provisions of which speak for themselves, and otherwise contains statements for relief which Plaintiffs intends to seek. No response is required.

E.    Plaintiff's Demand is a recitation of federal and California state statutes, the provisions of which speak for themselves, and otherwise contains statements for relief which Plaintiffs intends to seek.  No response is required.

F.    Plaintiff's Demand is a recitation of California state statutes, the provisions of which speak for themselves, and otherwise contains statements for relief which Plaintiffs intends to seek. No response is required.

G.    No response is required.

H.    Plaintiff's Demand contains statements for relief which Plaintiffs intends to seek.  No response is required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF
## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

The Complaint, and each purported cause of action therein, fails to state a claim against Hyatt upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Fault of Others)

To the extent that Plaintiff sustained any injury or damage as alleged in the Complaint, which is denied, said injury or damage was directly and proximately caused or contributed to by the actions of Plaintiff or others whose fault may be attributable to each respectively, and accordingly, any recovery against Hyatt must be reduced proportionately or abated entirely pursuant to law.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance)

The Complaint, and claim for relief asserted therein, is barred by reason of Hyatt compliance with federal, state, and local laws, rules, regulations and guidelines.

## FOURTH AFFIRMATIVE DEFENSE
### (No Violation of Law)

The acts to which Plaintiff refer in her Complaint which forms the basis of Plaintiff's claims were done, if at all, in accordance with the exception set forth in 28 C.F.R. §36.211. Therefore, Hyatt has not violated any rights Plaintiff may have under federal, state or local laws, rules, regulations or guidelines.

## FIFTH AFFIRMATIVE DEFENSE
### (Conduct Not Based on Disability)

Any conduct complained of by Plaintiff was not based on Plaintiff's claimed disability.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

The Complaint, and claim for relief asserted therein, is barred by the doctrines of waiver and estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

The Complaint, and claim for relief asserted therein, is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**
(Damage Not Caused by Hyatt Corporation)

If any emotional and/or mental distress was in fact sustained, it was proximately caused by factors other than any acts or omissions of Hyatt.

**NINTH AFFIRMATIVE DEFENSE**
(Pre-Existing, Intervening or Superseding Acts)

Any damages or injuries sustained by Plaintiff was caused by pre-existing, intervening or superseding actions on the part of persons, companies, entities, firms or organizations other than Hyatt and such pre-existing, intervening or superseding actions on the part of such others bars recovery by Plaintiff from Hyatt.

**TENTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

To the extent Plaintiff sustained any injury or damage as alleged in the Complaint, which is denied, Hyatt alleges based on information and belief, that said injury or damage was not reasonably mitigated by Plaintiff, and any recovery in this action must therefore be reduced proportionally or abated entirely pursuant to law.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Plaintiff Not Entitled to Attorneys Fees)

To the extent Plaintiff incurs attorneys' fees in this lawsuit, Plaintiff are not entitled to any award of attorneys' fees because plaintiff failed to give a pre-litigation unambiguous warning/notice to Hyatt and a reasonable opportunity to cure any purported access violations, prior to filing the instant action.

///

///

1

2

### TWELFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

3       Hyatt alleges on information and belief the Complaint, and each claim for relief asserted

4 therein, is barred by the expiration of the applicable statute of limitations, including without

5 limitation sections 338 and 340 of the California Code of Civil Procedure.

6

### THIRTEENTH AFFIRMATIVE DEFENSE
(Legitimate Business Purpose)

7

8       Hyatt alleges Plaintiff's recovery in this action is barred because Hyatt's acts or omissions, as

9 alleged in the Complaint, to the extent it committed any acts or omissions at all, were done in good

10 faith pursuant to reasonable business justifications and do not constitute intentional acts or omissions

11 resulting in any discrimination against persons with disabilities or anyone else.

12

### FOURTEENTH AFFIRMATIVE DEFENSE
(Plaintiff's Bad Faith)

13

14       Hyatt asserts Plaintiff and Plaintiff's counsel filed this action against Hyatt for the primary

15 purpose of extracting payment over technical, or non-existent, ADA violations which have no

16 discriminatory impact on Plaintiff or the disabled community.

17

### FIFTEENTH AFFIRMATIVE DEFENSE
(Not Readily or Likely Achievable)

18

19       Hyatt alleges any further action by Hyatt to ensure no individual with a disability is excluded,

20 denied services, or otherwise treated differently, would result in a fundamental alteration of the

21 Subject Premises, is not technically feasible, and/or is not structurally or legally readily achievable or

22 likely achievable.

23

### SIXTEENTH AFFIRMATIVE DEFENSE
(Failure to Notify Defendant)

24

25       Hyatt is informed and believes, and based thereon alleges, the Complaint, and each purported

26 claim for relief contained therein, fails as a matter of law because, to the extent Plaintiff was not

27 provided with equivalent service, access and enjoyment of the Subject Premises, it was because

28 Plaintiff failed to give Defendant notice of the need for and an opportunity to do so.

DEFENDANT HYATT CORPORATION DBA HYATT
REGENCY SANTA CLARA'S ANSWER TO PLAINTIFF'S
COMPLAINT
                                            -11-                                    10650492.4

1

2

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reliance Upon Municipal Permits/Vested Rights)

3   Hyatt alleges all applicable legal requirements pertaining to access by persons with

4   disabilities to the Defendant's premises have been complied with and all necessary permits have been

5   obtained from appropriate authorities for construction, alteration or structural modification of the

6   Subject Premises and Defendant reasonably relied upon powers vested in those authorities and the

7   authority that such permits conferred in Defendant.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Not Public Accommodation)

9

10   Hyatt is informed and believes some and/or all the alleged access issues related to the Subject

11   Premises are not in primary function areas and are therefore outside the provisions of the Title III of

12   the ADA.

13

## NINETEENTH AFFIRMATIVE DEFENSE
### (*De Minimis* Deviations)

14

15   Hyatt alleges Plaintiff's Complaint as a whole, and the claims for relief contained therein with

16   respect to Hyatt, fail to state a claim for relief as the alleged accessibility violations constitute *de*

17   *minimis* deviations from federal access laws, codes, regulations or guidelines or fall within

18   construction tolerances.

19

## TWENTIETH AFFIRMATIVE DEFENSE
### (Negligence of Third-Parties)

20

21   Hyatt alleges if Plaintiff is entitled to any damages under the circumstances alleged in the

22   Complaint or in any other respect, which is denied, these injuries and damages were wholly or in

23   part, directly and proximately caused and contributed to by the negligence, carelessness, lack of due

24   care and fault of third parties.  In the event Plaintiff is found to have sustained any injuries and to be

25   entitled to any damages, Hyatt is liable only for that portion of any damages which correspond to its

26   degree of fault or responsibility, and is not liable for any damages attributable to the responsibility,

27   negligence or fault of any other party.

28   / / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reasonable Portion of Facility Accessible)

Hyatt is informed and believes and thereon alleges that the Subject Premises does not violate Title III of the ADA, or any other law, in that a reasonable portion of the Subject Premises used by the public is accessible to, and useable by, persons with disabilities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Utilize Accommodations)

Hyatt alleges that each of Plaintiff's claims for relief are barred because Hyatt made and makes accommodations for persons with disabilities and Plaintiff failed to take advantage of the available accommodations within the Subject Premises.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Existence of Adequate Legal Remedy)

Hyatt alleges the Plaintiff's claims for injunctive relief are barred because there exists an adequate remedy at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Basis for Injunctive Relief)

Hyatt alleges the Complaint fails to state facts sufficient to entitle Plaintiff to an award of injunctive relief as the issues sought to be enjoined are not legally significant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Case or Controversy)

Hyatt alleges the Complaint as a whole, and each claim for relief asserted therein, presents no actual case or controversy, or justiciable issue as to Hyatt suitable for determination by this Court.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Standing-No Injury In Fact)

Hyatt alleges Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact, and Plaintiff failed to suffer an actual or imminent injury as required.

/ / /

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Article III Standing)

Hyatt alleges Plaintiff lacks standing under Article III and cannot establish a violation of Title III because Plaintiff is unable to show that: (1) she is a qualified individual with a disability within the meaning of the ADA; (2) she was excluded from participation in or denied the benefits of Defendant's services or products, or was otherwise discriminated against by Hyatt; (3) any exclusion was by reason of said disability; (4) the Plaintiff suffered any injury in fact; and/or (5) that there is any imminent threat of future harm.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Failure to Provide Notice)

Hyatt states Plaintiff is not entitled to recover attorneys' fees or litigation costs due to Plaintiff's failure to provide Defendant Hyatt with clear notice and a reasonable opportunity to cure under *Doran v. Del Taco, Inc.*, 375 F.Supp.2d 1028 (C.D. Cal. 2005).

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(ADAAG Compliance)

Hyatt is informed and believes, and based thereon alleges, insofar as portions of the Subject Premises may have been altered during any relevant time period, such alterations, if any, are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans With Disabilities Act Accessibility Guidelines, Appendix "A" to 28 Code of Federal Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"), California Health & Safety Code and the California Building Standards Code, to the maximum extent feasible, and is therefore in compliance with applicable federal and state law.

## THIRTIETH AFFIRMATIVE DEFENSE
(Defendant's Due Care)

Hyatt asserts at all times mentioned in the Complaint, and with respect to all matters mentioned therein, it acted in good faith, exercised reasonable care, and complied with all duties owed by it to the public.

/ / /

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Defendant's Attorneys' Fees)

Because Plaintiff's Complaint and the claims for relief contained therein are frivolous, unreasonable, and without foundation, Hyatt is entitled to an award of reasonable attorneys' fees and litigation costs incurred in defending against Plaintiff's Complaint upon judgment thereon in its favor. *Goodell v. Ralph's Grocery Co.*, 207 F.Supp.2d 1124 (E.D. Cal. 2002).

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Violation of Law)

Hyatt is informed and believes, and based thereon alleges, each of Plaintiff's purported claims for relief against Hyatt is frivolous and unsupported in that the alleged access barriers do not constitute substantive violations of state and federal accessibility law, or violations of any such law at all.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Isolated/Temporary Incident)

Hyatt alleges the Complaint fails to state facts sufficient to state a claim upon which relief can be granted on the grounds that temporary and/or isolated incidents of inaccessibility resulting from brief disrepair of accessibility features do not constitute a violation of federal, state, or local disability access laws, rules, regulations or guidelines disability access

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Reserved Defenses)

Hyatt alleges it cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the vague and conclusory allegations used in the Complaint. Hyatt's defenses will depend heavily on Defendant's expert report. Accordingly, Hyatt expressly reserves the right to assert further defenses if, and to the extent, such affirmative defenses become applicable.

WHEREFORE, Hyatt Corporation prays as follows:

1.    That Plaintiff's Complaint and each claim for relief therein be dismissed in its entirety with prejudice;

2.    That Plaintiff take nothing by way of the Complaint and each claim for relief therein;

DEFENDANT HYATT CORPORATION DBA HYATT
REGENCY SANTA CLARA'S ANSWER TO PLAINTIFF'S
COMPLAINT

-15-

10650492.4

1      3.      That Hyatt Corporation be awarded its costs of suit and reasonable attorneys' fees

2  incurred herein; and

3      4.      That the court order such other and further relief for Hyatt Corporation as the court

4  may deem just and proper.

5

6                                              Respectfully submitted,

7  Dated: July 30, 2007                        NIXON PEABODY LLP

8

9                              By:    /s/  ROSALYN P. MITCHELL
                                     ROSALYN P. MITCHELL
10                                   Attorneys for Defendant
                                     HYATT CORPORATION dba
11                                   HYATT REGENCY SANTA CLARA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

*McCarthy v. Hyatt Corporation, et al.*
**United States District Court, Northern District**
**Case No.  C 07 03516 RMW**

    I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600.

    On **July 30, 2007**, I served the following document(s):

### HYATT CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

**X:**    **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

\_\_:    By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

\_\_:    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

\_\_:    By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

### Addressee(s)

### See Attached Service List of Attorneys of Record

    I declare under penalty of perjury that the foregoing is true and correct. Executed on **July 30, 2007**, at San Francisco, California.

/s/  KIM LOVE

Kim Love

10650492.4

**Attorneys of Record – Service List**
*McCarthy v. Hyatt Corporation, et al.*
**United States District Court, Northern District**
**Case No.    C 07 03516 RMW**

1

2

David C. Wakefield, Esq.                        **Attorneys for Plaintiff**
PINNOCK & WAKEFIELD
3033 Fifth Avenue, Suite 410             Telephone:    (619) 858-3671
San Diego, CA  92103                      Facsimile:    (619) 858-3646

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE LIST

10650492.4